UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-CR-245 (WMW/HB)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION** |
| | ) | |
| RICHARD ALONZO WOODS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the Court on January 28, 2021, for an initial appearance, arraignment, and a detention hearing on an indictment. The defendant appeared in custody and was represented by Assistant Federal Defenders Shannon Elkins and Sarah Weinman. The United States of America was represented by Assistant United States Attorney Miranda E. Dugi.

The Court also had before it a bond report prepared by the United States Probation and Pretrial Services Office. This report noted that the defendant was subject to a rebuttable presumption of detention due to the nature of the offenses alleged, pursuant to 18 U.S.C. § 3142(e).

The United States moved for detention at the defendant's initial appearance, at which time the defendant was advised of his constitutional rights and afforded the opportunity to consult with his appointed counsel. *See* Fed. R. Crim. P. 5(d).

After consulting with his attorney, the defendant agreed to waive his right to appear in person, and proceeded via videoconference due to COVID-19. The defendant acknowledged that he is currently incarcerated in Federal Bureau of Prisons custody for a prior conviction

for being a felon in possession of a firearm in case 18-CR-153 (WMW), and waived his right

to a detention hearing in the instant case as moot.

Based on this record, the Court concludes that the defendant did not bear his burden

rebut the presumption of detention, and finds by a preponderance of the evidence that the

defendant poses a risk of failure to appear, and by clear and convincing evidence to believe

that the defendant poses a danger to the community.  Accordingly, the Court finds that no

condition or combination of conditions of release would reasonably assure the defendant's

appearance as required at future court proceedings or the safety of the community.  The Court

therefore grants the government's motion for detention.

### FINDINGS OF FACT

1.      The defendant is charged by indictment with the following crimes: Interference

with commerce by robbery and aiding and abetting the same (18 U.S.C. §§ 1951 and 2) (Count

1); armed bank robbery (18 U.S.C. §§ 2113(a),(d)) (Counts 2 and 3) and conspiracy to commit

the same (18 U.S.C. § 371) (Count 8); carrying a firearm during and in relation to a crime of

violence (18 U.S.C. § 924(c)(1)(A)(ii)) (Counts 4 through 6); felon in possession of a firearm

(18 U.S.C. § 922(g)(1)(Count 7), and conspiracy to possess firearms in furtherance of a crime

of violence (18 U.S.C. §§ 924(c)(1)(a)(ii) and 924(o) (Count 9).  If found guilty, the defendant

would be subject to mandatory consecutive terms of imprisonment by virtue of convictions

under 18 U.S.C. § 924(c).

2.      According to the defendant and records from his prior conviction, the defendant

is currently incarcerated until a projected release date in 2025 on case 18-CR-153 (WMW).

3.      The unobjected to facts contained in the bond report reflect that the defendant

has a lengthy criminal history that contains weapons offenses and failures to appear for court

appearances.

## CONCLUSIONS OF LAW

Based on the foregoing findings, the Court concludes as follows:

1.      The defendant failed to bear his burden to rebut the presumption of detention as

required under 18 U.S.C. § 3142(e).

2.      Moreover, the government has shown that no condition or combination of

conditions will reasonably assure the defendant's future appearance in Court or safety of the

community.

Therefore, based on all the files, records, and proceedings herein, **IT IS HEREBY**

**ORDERED**:

1.      The motion of the United States for detention of the defendant without bond is

**GRANTED**;

2.      The defendant shall be committed to the custody of the Attorney General for

confinement in a corrections facility separate, to the extent practicable, from persons awaiting

or serving sentences or being held in custody pending appeal;

3.      The defendant shall be afforded reasonable opportunity to consult privately with

his lawyer; and

4.      Upon order of the Court or on request of an attorney for the government, the

person in charge of the correctional facility in which the defendant is confined shall deliver

him to a United States marshal for the purpose of appearance in connection with a court proceeding.


Dated: January 28, 2021                    *s/ Tony N. Leung*
                                          TONY N. LEUNG
                                          UNITED STATES MAGISTRATE JUDGE