UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 20-cr-245 (WMW/HB)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RICHARD ALONZO WOODS, )<br>)<br>Defendant. ) | **SUPPLEMENTAL RESPONSE TO DEFENDANT'S PRE-TRIAL MOTIONS** |

The United States of America, by and through W. Anders Folk, Acting United States Attorney for the District of Minnesota, and Samantha H. Bates, Assistant United States Attorney, respectfully submits this supplemental response to the Defendant Richard Woods's pretrial motions.

## I. BACKGROUND

The factual and procedural history of the matters previously litigated by Woods in an earlier prosecution by the U.S. Attorney's Office are set forth in several motions and orders. (*See United States v. Richard Alonzo Woods*, No. 18-CR-153 (1) (WMW/HB) ("*Woods I*"), Dkts. 54-55, 65-66.) That history is incorporated by reference in this Supplemental Response to the Defendant's Motions and only the facts most pertinent to this Response are set forth here.

On May 18, 2018, Woods was arrested after fleeing police in a White Chevrolet Tahoe. Two firearms were recovered by law enforcement from the vehicle. On May 19, 2018, Woods gave a recorded post *Miranda* statement to Minneapolis Police Sergeant John Biederman at the Hennepin County Jail. On May 22, 2018, a search was executed at

1

Woods's residence in Minneapolis, pursuant to a search warrant signed by Hennepin County District Court Judge Lois Conroy.  On May 24, 2018, two cellphones belonging to Woods were seized from the Tahoe when it was searched pursuant to a search warrant signed by Hennepin County District Court Judge Janet Poston.  Also, on May 24, 2018, another cellphone was seized from Woods's person when he was arrested on a federal supervised release violation.  All three cellphones were searched pursuant to a state search warrant signed by Hennepin County District Court Judge Cara Neville.  In *Woods I*, the Defendant moved to suppress the search and seizure of his vehicle on May 18, 2018, the search of his residence on May 22, 2018, pursuant to the search warrant signed by Judge Conroy, the search of his three cellphones pursuant to the search warrant signed by Judge Neville, and his May 19, 2018 statement.  (*Woods I*, Dkts. 28, 31).

A motion hearing was conducted on August 28, 2018, in front of Magistrate Judge Bowbeer.  Following the motion hearing, briefing was submitted and the Court entered a Report and Recommendation ("the R&R"), pursuant to 28 U.S.C. § 636, recommending the Woods's motions to suppress evidence be denied.  (*Woods I,* Dkt. 55).  Woods then objected to the R&R.  After additional briefing by the parties, Judge Wright issued an ordering denying Woods's motions to suppress and adopting the R&R.  (*Woods I*, Dkt. 66).

Following the Court's ruling denying his motions to suppress, Woods entered a guilty plea on May 9, 2019, and was sentenced to 77 months' imprisonment on January 9, 2020.  (*Woods I,* Dkts. 93, 148).  In the Plea Agreement and Sentencing Stipulations, Woods acknowledged that he waived all pending pre-trial motions and gave up the right to appeal the Court's decision on any previously filed motions.  (*Woods I*, Dkt. 95 at 3).

On October 27, 2020, the United States Grand Jury returned an indictment charging Woods with nine offenses in a new matter. (*See United States v. Richard Alonzo Woods*, No. 20-cr-245 (WMW/HB), Dkt. 1). In this pending case, Woods is charged with a variety of additional crimes that the government alleges occurred in 2018, in the same time frame as his prior conviction in *Woods I*. The evidence from *Woods I* is relevant to this new investigation including his previous statements to law enforcement, the contents of his cellphone extractions, and the items recovered from his residence on May 22, 2018.

Despite having previously litigated these very issues before the Court, Woods again seeks to suppress evidence seized from: (1) his three mobile telephones searched pursuant to a state search warrant; (2) the warrantless search and seizure of his vehicle following his flight from police on May 18, 2018; (3) the search of his residence on May 22, 2018, pursuant to a state search warrant; and (4) his recorded post *Miranda* statement to law enforcement on May 19, 2018.[1] Each of these searches and the statement were previously litigated, and the Defendant's motions seeking suppression of the fruits of these searches are barred by collateral estoppel.

## II.   ARGUMENT

Under the doctrine of collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that determination is conclusive in a subsequent suit based on a different cause of action involving a party to the prior litigation. *Procknow v. Curry,*

---

[1] In the present case, Woods has moved to suppress additional searches, another statement, and his seizure pursuant to his May 24, 2018 arrest on a federal bench warrant. These are new issues that have not been litigated. The government opposes each of these motions and intends to offer the relevant warrants and audio statement for the Court's consideration.

26 F.Supp.3d 875, 882 (D. Minn. 2014).  Although more widely applied in civil cases, collateral estoppel is applied to criminal cases in this circuit—and, in particular, has been applied in the context of previously-litigated suppression issues.  *United States v. McManaman*, 673 F.3d 841, 847 (8th Cir. 2012); *United States v. Rosenberger,* 872 F.2d 240, 242 (8th Cir.1989).

There is "no reason ... for avoiding the doctrine's application" so long as courts "closely examine the prerequisites of the estoppel doctrine in the context of criminal cases."  *McManaman*, 673 F.3d at 847; quoting *Rosenberger,* 872 F.2d at 242.  The *McManaman* court further explained, "we have elsewhere noted that the rule of collateral estoppel in criminal cases is not to be applied with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality." *Id.*; quoting *United States v. Torres–Villalobos,* 487 F.3d 607, 617 (8th Cir.2007).

Collateral estoppel applies when: (1) the issue sought to be precluded is identical to the issue previously decided; (2) the prior action resulted in a final adjudication on the merits; (3) the party sought to be estopped was either a party or in privity with a party to the prior action; and (4) the party sought to be estopped was given a full and fair opportunity to be heard on the issue in the prior action.  *McManaman*, 673 F.3d at 847; quoting *Ripplin Shoals Land Co. v. U.S. Army Corps of Eng'rs,* 440 F.3d 1038, 1044 (8th Cir.2006).  Further, collateral estoppel is appropriate when a defendant does nothing more than reargue the assertions he made earlier with no offer of new evidence or changed circumstances.  *McManaman*, 673 F.3d at 847; quoting *Rosenberger,* 872 F.2d at 242.

4

Here, the evidence Woods seeks to preclude is identical to what he previously sought to suppress in *Woods I*. Additionally, in *Woods I*, Judge Wright's Order adopting the R&R provided a final adjudication on the merits as to the legality of the searches and statement at issue. Finally, Woods was a party to the prior action as a defendant in that case and was given a full and fair opportunity to be heard on these issues in *Woods I*. These issues were litigated at length through: (1) a motion hearing held on August 28, 2018; (2) post-hearing briefing; and (3) objections to the R&R. (*Woods I*, Dkt. 40). Woods then waived any further legal objections to Judge Wright's Order Adopting the R&R through his guilty plea.

Like the defendants in *McManaman* and *Rosenberger,* Woods has not provided any new evidence or argument that changes the Court's analysis of its denial of his motions to Suppress in *Woods I*. During a meet and confer between the parties on April 13, 2021, defense counsel articulated no new evidence, arguments, or changed circumstances between the litigation of *Woods I* and this current matter. Nor did counsel provide specific reasons Woods seeks to suppress these searches and one statement beyond the broad bases stated in his original filing. The government is aware of no reason collateral estoppel should not apply in this instance.

### III. CONCLUSION

Woods's motions seeking suppression of each of the searches and the statement litigated in his prior case are barred by collateral estoppel and the Court should deny Woods's motions to suppress evidence seized from the previously litigated searches of his cell phones, vehicle, and residence and his statement to law enforcement. The

government reserves the right to make further argument in post-hearing briefing if Woods presents new arguments that have not previously been raised.

Dated: April 16, 2021

Respectfully submitted,

W. ANDERS FOLK
Acting United States Attorney

s/ *Samantha H. Bates*

BY:  SAMANTHA H. BATES
Assistant United States Attorney
Attorney ID No. 0395002