AO 245B (Rev. 11/16)  Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## District of Minnesota

| | |
|---|---|
| UNITED STATES OF AMERICA | § JUDGMENT IN A CRIMINAL CASE |
| | § |
| v. | § |
| | § Case Number: **0:20-CR-00245-WMW-HB(1)** |
| **RICHARD ALONZO WOODS** | § USM Number: **16521-041** |
| | § **Daniel L. Gerdts** |
| | § Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to Counts 1, 2, 3, 4, 5 and 8.

☐ pleaded nolo contendere to count(s) which was accepted by the court

☐ was found guilty on count(s) after a plea of not guilty

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18:2 and 1951 AIDING AND ABETTING INTERFERENCE WITH COMMERCE BY ROBBERY | 05/18/2018 | 1 |
| 18:2113(a) and 2113(d) ARMED BANK ROBBERY | 05/18/2018 | 2 |
| 18:2113(a) and 2113(d) ARMED BANK ROBBERY | 05/18/2018 | 3 |
| 18:924(c)(1)(A)(ii) CARRYING A FIREARM DURING AND IN RELATION TO A CRIME OF VIOLENCE | 05/18/2018 | 4 |
| 18:924(c)(1)(A)(ii) CARRYING A FIREARM DURING AND IN RELATION TO A CRIME OF VIOLENCE | 05/18/2018 | 5 |
| 18:371, 2113(a), and 2113(d) CONSPIRACY – ARMED BANK ROBBERY | 05/18/2018 | 8 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Counts 6, 7, and 9 of the Indictment.   ☐ is   ☒ are dismissed on the motion of the United States.

  It is ordered that the defendant must notify the United States Attorney for the District of Minnesota within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and the United States Attorney for the District of Minnesota of material changes in economic circumstances.

**March 16, 2022**
Date of Imposition of Judgment

s/Wilhelmina M. Wright
Signature of Judge

**WILHELMINA M. WRIGHT**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

**May 5, 2022**
Date

1

AO 245B (Rev. 11/16)  Sheet 2 - Imprisonment

DEFENDANT:         RICHARD ALONZO WOODS
CASE NUMBER:    0:20-CR-00245-WMW-HB(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Counts 1, 2, 3, and 8 are to run concurrently. 132 months as to count 1; 132 months as to count 2; 132 months as to count 3; 60 month(s) as to count 8. Counts 1-3 and Count 8 are to run concurrently with 18-cr-0153 (WMW/HB).
Counts 4 and 5 are to run consecutively. 84 months as to count 4; 84 months as to count 5. These sentences are to be served consecutively to each other, for a total of 168 months, and consecutively to the concurrent sentence imposed for Counts 1, 2, 3 and 8, for a total prison term of 300 months. Counts 1-5 and Count 8 are to run consecutively with 12-cr-0131 (SRN/JJK).

☒  The court makes the following recommendations to the Bureau of Prisons:
   The defendant is recommended to be incarcerated at FCI Herlong, California.

☒  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

   ☐  at                                on

   ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐  before _____ on

   ☐  as notified by the United States Marshal.

   ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to

at _____, with a certified copy of this judgment.


UNITED STATES MARSHAL

By
DEPUTY UNITED STATES MARSHAL

2

DEFENDANT:         RICHARD ALONZO WOODS
CASE NUMBER:       0:20-CR-00245-WMW-HB(1)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **three (3) years terms as to Counts 1 and 8 to run concurrently with five (5) years terms as to Counts 2, 3, 4, and 5.**

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)
4. ☒ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)
8. ☒ You must pay the assessment imposed in accordance with Title 18, United States Code, Section.
9. ☒ You must notify the Court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

   The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

DEFENDANT:           RICHARD ALONZO WOODS
CASE NUMBER:         0:20-CR-00245-WMW-HB(1)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at www.uscourts.gov.

Defendant's Signature  _____   Date _____

Probation Officer's Signature  _____   Date _____

AO 245B (Rev. 11/16)  Sheet 3D – Supervised Release

DEFENDANT: RICHARD ALONZO WOODS
CASE NUMBER: 0:20-CR-00245-WMW-HB(1)

# SPECIAL CONDITIONS OF SUPERVISION

a) You must submit to substance abuse testing as approved and directed by the probation officer.

b) You must submit yourself, your residence, office, vehicle, or an area under your control to a search conducted by a United States Probation Officer or supervised designee, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a supervision violation.  You must warn any other residents or third parties that the premises and areas under your control may be subject to searches pursuant to this condition.

c) You must participate in a psychological or psychiatric counseling or treatment program, as approved by the probation officer.  Further, you must contribute to the costs of such treatment as determined by the Probation Office Co-Payment Program not to exceed the total cost of treatment.

d) You must take any prescribed medications as directed by a medical provider.

e) If not employed at a regular lawful occupation, as deemed appropriate by the probation officer, you may be required to perform up to 20 hours of community service per week until so employed.  You also may be required to participate in training, counseling, daily job search, or other employment-related activities, as directed by the probation officer.

f) You must provide the probation officer access to any requested financial information, including credit reports, credit card bills, bank statements, and telephone bills.

g) You must be screened for and/or participate in Reentry Court programming and must abide by all rules of the program. Participation may include referrals for substance abuse assessment and/or treatment and testing, mental health assessment and/or treatment, cognitive behavioral programs, medication compliance, and any other programming deemed appropriate to enhance your successful reintegration into the community.  You must contribute to the cost of this program, as to substance abuse and/or mental health assessment/treatment, to the extent you are deemed capable by the United States Probation Officer.

DEFENDANT:          RICHARD ALONZO WOODS
CASE NUMBER:        0:20-CR-00245-WMW-HB(1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $600.00 | $97,309.79 | $.00 | $.00 | $.00 |

☐ The determination of restitution is deferred until    An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

Restitution of $97,309.79 to:

BREMER BANK
$88,618.79

LAKE AREA BANK
$6,191.00

PROJECT SOZO
$2,500.00

| Name and Address of Payee | ***Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Bremer Bank | $88,618.79 | $88,618.79 | 100% |
| Lake Area Bank | $6,191.00 | $6,191.00 | 100% |
| Project Sozo | $2,500.00 | $2,500.00 | 100% |
| TOTALS: | $97,309.79 | $97,309.79 | 100% |
| **Payments are to be made to the Clerk, U.S. District Court, for disbursement to the victim.** | | | |

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
  ☒ the interest requirement is waived for the     ☐ fine     ☒ restitution
  ☐ the interest requirement for the              ☐ fine     ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 11/16)  Sheet 6 – Schedule of Payments

DEFENDANT: RICHARD ALONZO WOODS
CASE NUMBER: 0:20-CR-00245-WMW-HB(1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☐ Lump sum payments of $ _____ due immediately, balance due

☐ not later than _____ , or

☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal 20 (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:

**It is ordered that the Defendant must pay to the United States a special assessment totaling $600.00 for Counts 1, 2, 3, 4, 5 and 8 , which is due immediately. Said special assessment mustl be paid to the Clerk, U.S. District Court.**

**While the Defendant is incarcerated, the Defendant must make payments towards his restitution obligation as follows: If the Defendant is working UNICOR, the Defendant must make monthly payments of 50 percent of his earnings. If the Defendant is not working UNICOR, the Defendant must make quarterly payments of $25.**

**After the Defendant is released from prison, the Defendant must begin making payments toward any remaining restitution obligation within 30 days of his release. The Defendant must make monthly payments of at least $100. If the probation officer determines that the Defendant is able to pay more than $100 per month, then the Defendant must make restitution payments in the amount directed by the probation officer.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| Tyrone Shadale Oaks (19-cr-0191)<br>and Samuel Lamar Brantley (19-cr-0337) | $6,191.00 | $6,191.00 | Lake Area Bank |
| Samuel Lamar Brantley (19-cr-0337)<br>and Pierre Cornelius Steward (20-cr-0189) | $88,618.79 | $88,618.79 | Bremer Bank |

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA Assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.