**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

Plaintiff,

v.

Richard Alonzo Woods,

Defendant.

Criminal No. 20-245 (DWF/HB)

**MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

This matter is before the Court on Defendant Richard Alonzo Woods's *pro se* motion for compassionate release. (Doc. No. 98.) The United States of America (the "Government") opposes the motion. (Doc. No. 105.) For the reasons set forth below, the Court respectfully denies the motion.

## BACKGROUND

Woods pleaded guilty to aiding and abetting interference with commerce by robbery, two counts of armed bank robbery, two counts of carrying a firearm during and in relation to a crime of violence, and conspiracy to commit armed bank robbery on November 10, 2021. (Doc. Nos. 55, 56.) On March 16, 2022, the Court sentenced Woods to a 300-month total prison term. (Doc. No. 81.) Woods is currently incarcerated at FCI Mendota, with an anticipated release date of August 14, 2041. Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc (last visited Aug. 20, 2026).

In October 2024, Woods moved for compassionate release in his 2018 felon-in-possession case in this District. (Crim. No. 18-153, Doc. No. 244.) There, he argued that his medical and family circumstances were grounds for compassionate release. (*Id.*) Judge Jeffrey M. Bryan denied the motion because Woods did not show extraordinary or compelling reasons. (Crim. No. 18-153, Doc. No. 267.) In particular, Judge Bryan found that Woods's medical conditions were "being actively monitored" and Woods had not shown that his wife was incapacitated. (*Id.* at 7-8.) Judge Bryan further noted that even if a qualifying reason existed, the § 3553(a) factors "likely would override any extraordinary and compelling circumstances." (*Id.* at 9.) Woods now moves for compassionate release for the first time in this case based on medical and family circumstances. (Doc. No. 98.)

**DISCUSSION**

The First Step Act allows the Court to reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). These reasons include: (1) medical circumstances; (2) age-related deterioration; (3) family circumstances; (4) physical or sexual abuse while in custody; (5) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories; and (6) an unusually long sentence.[1] U.S.S.G. § 1B1.13(b).

[1] The Supreme Court recently invalidated the "unusually long sentence" category to the extent that it counsels courts to consider a nonretroactive change to a statute as an extraordinary and compelling reason, whether by itself or in combination with other factors. *See Rutherford v. United States*, 146 S. Ct. 1320, 1335 (2026).

If "extraordinary and compelling reasons" exist, a sentencing reduction is appropriate when "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and "the reduction is consistent with [the Sentencing Commission's] policy statement." *Id.* § 1B1.13(a). The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). As the movant, the defendant bears the burden to establish that they are eligible for compassionate release. *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

A defendant may move for a sentencing reduction only after complying with an exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A). Specifically, a defendant may move for a sentencing reduction only "after (1) the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or (2) the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* As a mandatory claim-processing rule, this requirement "must be enforced so long as the opposing party properly raises it." *United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021). Woods submitted a compassionate release request on September 18, 2025, and the Government does not object, so the Court finds that Woods's motion is ripe for review.

Woods asserts two grounds for compassionate release. First, he argues that his medical circumstances warrant compassionate release because he has a breast lump and a thyroid nodule for which he is not getting proper care. (Doc. No. 98 at 5-11.). Under the Policy Statement, extraordinary and compelling reasons exist if "[t]he defendant is

suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C). Woods has not carried his burden. Woods's medical records demonstrate that the BOP has scheduled appropriate appointments with specialists for both issues. (Doc. No. 108 at 1-3.) Additionally, there is no evidence that either condition is life threatening. Multiple medical professionals have found that Woods's breast lump is benign. Woods points to a medical malpractice case where a doctor failed to diagnose a woman with breast cancer. (Doc. No. 98 at 9-10 (citing *Carter v. United States*, No. 11-0930, 2014 WL 1630824 (M.D. Tenn. Apr. 23, 2014)).) That case is inapposite because Woods has not shown that he was misdiagnosed and this is not a medical malpractice case. Woods's medical circumstances do not warrant compassionate release.

Second, Woods argues that his wife is incapacitated and he is the sole caregiver available for her and his minor child. (Doc. No. 98 at 12.) Extraordinary and compelling reasons exist if the caregiver of a defendant's minor child dies or becomes incapacitated, or if a defendant's spouse becomes incapacitated and the defendant is the only available caregiver for their spouse. U.S.S.G. § 1B1.13(b)(3). Again, Woods has not carried his burden. The record shows that his wife had a wrist fracture which affected her for twelve weeks from mid-March through early June of this year. (Doc. No. 98-1 at 24-29.) Presumably that condition is no longer impacting her ability to care for herself or their child. *See, e.g.*, *United States v. McKenzie*, 636 F. Supp. 3d 892, 898 (E.D. Tenn. 2022) (finding evidence was insufficient to find defendant's fiancée was incapacitated in part

because wounds she received while hospitalized were presumably healed by the time the court issued an order). Woods has not submitted any evidence to the contrary. Woods's family circumstances do not warrant compassionate release.

Lastly, to the extent Woods argues for compassionate release based on rehabilitation in combination with his medical and family circumstances, he has also failed to show extraordinary and compelling circumstances. As Woods recognizes, rehabilitation alone is not an extraordinary and compelling reason. 28 U.S.C. § 994(t). However, a court may consider rehabilitation in combination with other circumstances in determining whether a sentencing reduction is warranted. U.S.S.G. § 1B1.13(d). Consistent with the Court's analysis above, the Court finds that Woods's circumstances in combination with his rehabilitation do not amount to an extraordinary and compelling reason because he has not shown a condition that puts him at risk or serious deterioration or that his wife is incapacitated.

In conclusion, Woods has not shown any extraordinary and compelling circumstances. Because the Court concludes that Woods has failed to show extraordinary and compelling circumstances that warrant compassionate release, the Court need not address the § 3553(a) sentencing factors or whether Woods poses a danger to the community. Accordingly, Wood's motion is respectfully denied.

**ORDER**

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that Defendant Richard Alonzo Woods's *pro se* motion for compassionate release (Doc. No. [98]) is respectfully **DENIED**.

Dated: August 21, 2026

s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge